OPINION OF THE COURT
John R. Tenney, J.
The plaintiff Joseph Price has brought an action in the Supreme Court, Onondaga County, against Calgon Corporation alleging that he has been terminated from his employment with the defendant in violation of article 13 of the Military Law of the State of New York.
The present motion before the court is for a change of venue to New York County. Calgon Corporation is a foreign corporation which has designated New York County as its place of business for residence and venue purposes. Subdivision 5 of section 317 of the Military Law requires that actions brought within its scope shall originate within the county in which “such private employer maintains a place of business”. The issue before the court is whether or not CPLR 503 (subd [a]) takes precedence which would permit the proper venue to be that of the residence of the plaintiff or whether the Military Law is an exception to CPLR 503 (subd [a]) and mandates that the venue be exclusively “the place of business” designated by the defendant employer under the Business Corporation Law. (Business Corporation Law, § 1304, subd [a], par [4].)
*749 The defendant does not dispute the fact that Calgon transacts business in Onondaga County because the transaction of business is not the criteria under the Military Law. This is an oversimplification. Although the place for a foreign corporation to be sued is in the county where it designates its residence, it is not exclusive. (1 White, New York Corporations [13th ed], art 3.) A foreign corporation may be sued in any county in the State of New York and has never been permitted to restrict the venue of an aggrieved plaintiff. The foreign corporation may be restricted as to where it may bring suit by its designated residence as defined under CPLR 503 (subd [a]). However, it may not claim that it may not be sued in another county where the venue is otherwise proper, e.g., the plaintiff is a resident. (2 Weinstein-Korn-Miller, NY Civ Prac, pars 503.01, 509.03.)
The Military Law does not limit an aggrieved party to venue where the “principal” place of business is located. If the “private employer maintains a place of business” in the county, the Supreme Court in the county has jurisdiction. Since there appears to be no dispute that Calgon maintains a place of business in Onondaga County, although not its principal place, venue is proper because plaintiff is a resident. (CPLR 503, subd [a].)
The motion for a change of venue to New York County is denied, with costs.